UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **KCLOEFPHRAEX BOSHEAUJ FRIERSON,**<br><br>　　Plaintiff,<br><br>vs.<br><br>**SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,**<br><br>　　Defendant. | Civil Action Number<br>**7:15-cv-01459-AKK** |

## MEMORANDUM OPINION

Kcloefphraex Frierson brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. §405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("the Commissioner"). This court finds that the Administrative Law Judge ("ALJ") applied the correct legal standard and that his decision – which has become the decision of the Commissioner – is supported by substantial evidence. Therefore, the court **AFFIRMS** the decision denying benefits.

### I.  Procedural History

Frierson filed her applications for Title XVI Supplemental Security Income and Title II Disability Insurance Benefits on January 11, 2010, and January 28,

1

2010, respectively, alleging a disability onset date of December 20, 2009, due to severe anxiety and back pain. (R. 20, 94, 216, 218, 246). After the SSA denied her applications, Frierson requested a hearing before an ALJ. (R. 108, 122). The ALJ subsequently denied Frierson's claim, (R. 91), and Frierson sought review, (R. 104). The Appeals Council issued a decision vacating the ALJ's denial of benefits. *Id*. On remand, the ALJ once again denied Frierson's claim, (R. 17), which became the final decision of the Commissioner when the Appeals Council refused to grant review, (R. 1-4). Frierson then filed this action pursuant to §205(g) of the Act, 42 U.S.C. §405(g). Doc. 1.

## II. Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. §405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. §405(g) mandates that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and

supported by substantial evidence." *See id.* (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239 (other citations omitted)). If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III.  Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §423(d)(1)(A); 42 U.S.C. §416(i).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. §404.1520(a)-(f). Specifically, the Commissioner must determine in sequence:

(1) whether the claimant is currently unemployed;

(2) whether the claimant has a severe impairment;

(3) whether the impairment meets or equals one listed by the Secretary;

(4) whether the claimant is unable to perform his or her past work; and

(5) whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id*. at 1030 (citing 20 C.F.R. §416.920(a)-(f)). "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

### IV. The ALJ's Decision

In performing the five step analysis on remand, the ALJ found that Frierson had "not engaged in substantial gainful activity since December 20, 2009, the alleged onset date," and therefore met Step One. (R. 23). Next, the ALJ found that Frierson did not satisfy Step Two because she did "not have an impairment or

4

combination of impairments that . . . significantly limited [her] . . . ability to perform basic work-related activities for 12 consecutive months; therefore, [Frierson did] not have a severe impairment or combination of impairments." *Id*. Since the ALJ answered step two in the negative, the ALJ ultimately found that Frierson had "not been under a disability, as defined in the Social Security Act, from December 20, 2009, through the date of [the ALJ's] decision." (R. 31).

## V. Analysis

Frierson raises two contentions of alleged error. Specifically, Frierson contends that the ALJ failed to properly follow the "slight abnormality" standard in determining her severe impairments, and to properly evaluate and state the weight given to the medical evidence from Indian Rivers Mental Health Center ("Indian Rivers"). Doc. 8 at 7, 10. As shown below, neither contention establishes that the ALJ committed reversible error. Therefore, the court will affirm the ALJ's decision.

**1. The ALJ properly followed the "slight abnormality" standard**

First, Frierson contends that the ALJ failed to follow the slight abnormality standard when he concluded that she "does not have a severe impairment or combination of impairments." Doc. 8 at 8 (citing (R. 23)). Relying on case law that "[a]n impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's

5

ability to work, irrespective of age, education or work experience," *McDaniel*, 800 F.2d at 1031, Frierson asserts that her paranoid schizophrenia is more than a "slight abnormality" and qualified as a severe impairment, doc. 8 at 10. As an initial matter, Frierson is correct that the records from Indian Rivers indicate that Frierson was receiving treatment for schizophrenia and had a "major" or "serious impairment or inability to function." (R. 482, 734). However, as the ALJ noted, the medical records from Frierson's treating physician, Dr. Larry Skelton, and another treating source, DCH Regional Medical Center ("DCH"), show that Frierson rarely complained of any mental impairments and that her psychiatric exams consistently revealed that she had normal mood, affect, and decision making skills. (R. 29); *see also, e.g.*, (R. 398, 401, 690, 816, 944, 983-4). Furthermore, the records from Dr. Skelton and DCH are consistent with the testimony of Dr. Alfred Jonas, a medical expert appointed by the ALJ. (R. 68-70). Dr. Jonas testified that "[t]here are no objective findings in this case and no other symptoms [besides those found at Indian Rivers] that [support Frierson's] diagnosis of schizophrenia." (R. 73). In light of this record, and because a diagnosis alone does not establish that an impairment is severe, *see Wind v. Barnhart*, 133 Fed. App'x. 684, 690 (11th Cir. 2005), Frierson's reliance on the Indian Rivers records to show error is unavailing.

In addition to relying on the Indian Rivers records, Frierson also takes issue with the ALJ's decision to afford great weight to the opinion of Dr. Jonas.  Doc. 8 at 9-10.  Frierson is correct that generally the opinion of a non-examining physician is entitled to little weight.  However, an ALJ can rely on a non-examining physician's opinion if it is consistent with the medical evidence.  *See Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991); *Jarrett v. Commissioner of Social Sec.*, 422 Fed. App'x. 869, 873 (11th Cir. 2011) ("The weight due to a non-examining physician's opinion depends, among other things, on the extent to which it is supported by clinical findings and is consistent with other evidence."). This was precisely the case here where the ALJ found:  "[Dr. Jonas'] testimony opinion that [Frierson] has no medically determinable 'severe' impairments is consistent with and supported by the weight of the evidence in this case, including records and reports obtained from DCH, Dr. Skelton and Indian Rivers Mental Health." (R. 29-30). Accordingly, the ALJ properly relied on Dr. Jonas' opinion and did not err in failing to find that Frierson's paranoid schizophrenia is a severe impairment. *See Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999) (affirming an ALJ's finding that an impairment was not severe where substantial medical evidence showed that the claimant "manifested few symptoms of the disease"); *Jarrett*, 422 Fed. App'x. at 873 ("[T]he more consistent a physician's opinion is

with the record as a whole, the more weight an ALJ should place on that opinion.").

### 2. The ALJ properly evaluated the evidence from Indian Rivers

As her second basis for error, Frierson contends that the ALJ failed to properly evaluate and state the weight he gave to the medical records from Indian Rivers. Doc. 8 at 11. This contention is also unavailing because the ALJ, in fact, discusses Frierson's diagnosis of paranoid schizophrenia from Indian Rivers and noted that Frierson "reported symptoms to include seeing snakes, seeing shadows, hearing voices, and hearing footsteps." (R. 25). Based on his review of the records from Indian Rivers, the ALJ found that the records "reflect not much more than routine follow up [appointments] about every four months." *Id*. Because "there is no rigid requirement that the [ALJ] specifically refer to every piece of evidence in his decision, so long as [the court can] conclude [that] the [ALJ] considered [the claimant's] medical condition as a whole," *Parks ex rel. D.P. v. Comm'r, Soc. Sec.*, 783 F.3d 847, 852 (11th Cir. 2015) (citation omitted), the court finds that the ALJ's opinion sufficiently established that the ALJ adequately evaluated the records from Indian Rivers.

Likewise, while Frierson is correct that the ALJ "must state specifically the weight accorded to each item of evidence and why he reached that decision," *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981), the Eleventh Circuit has

recognized that an ALJ may implicitly make such a determination, *see Kemp v. Astrue,* 308 Fed. App'x. 423, 426 (11th Cir. 2009) (citing *Hutchison v. Bowen*, 787 F.2d 1461, 1463 (11th Cir. 1986)). In that respect, although the ALJ does not specifically state what weight he afforded the evidence from Indian Rivers, it is clear that the ALJ discounted the evidence by ultimately concluding that "there is nothing [in the record] that suggests the level of mental compromise or severity of anxiety reflected in [the Indian Rivers] records . . . ." (R. 29). Therefore, the ALJ did not commit reversible error.

## VI. Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that Frierson is not disabled is supported by substantial evidence, and that the ALJ applied the proper legal standards in reaching this determination. Therefore, the Commissioner's final decision is **AFFIRMED**. A separate order in accordance with this memorandum opinion will be entered.

**DONE** the 21st day of June, 2016.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE